**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **Mahmood H. Shaikh,** )<br>**And All Others Similarly Situated** )<br>    **Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**Foxx Video, Inc. d/b/a Foxx Video;** )<br>**Continental Beverages, Inc.; Airport** )<br>**Enterprises, Inc.; N Y Traders, Inc.; Video** )<br>**Lines, Inc.; TE Video, Inc.; Dala Marketing,** )<br>**Inc.; More Realty, Inc.; South Kirkwood** )<br>**Realty, Inc.; Jones Road Plaza, LP; Jones** )<br>**Road Realty, Inc; Pentix GP, Inc.; SK** )<br>**Auto's, Inc.; South Kirkwood Ventures, L.P.;** )<br>**South Kirkwood Ventures, Inc.; Haroon** )<br>**Rasheed Shaikh, CPA; and, Mehmood** )<br>**Rasheed** )<br>    **Defendants.** )<br> ) | **Civil Action**<br>**File No.**<br><br>**JURY DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

Now come Plaintiff, Mahmood H. Shaikh, and all others similarly situated and complain of Defendants 1) Foxx Video, Inc. d/b/a Foxx Video; 2) Continental Beverages, Inc.; 3) Airport Enterprises, Inc.; 4) N Y Traders, Inc.; 5) Video Lines, Inc.; 6) TE Video, Inc.; 7) Dala Marketing, Inc.; 8) More Realty, Inc.; 9) South Kirkwood Realty, Inc.; 10) Jones Road Plaza, LP; 11) Jones Road Realty, Inc; 12) Pentix GP, Inc.; 13) SK Auto's, Inc.; 14) South Kirkwood Ventures, L.P.; 15) South Kirkwood Ventures, Inc.; 16) Haroon Rasheed Shaikh, CPA; and, 17) Mehmood Rasheed (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

# I.
# INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff Mahmood H. Shaikh, and all others similarly situated, in the course of their employment with the Defendants.

3. Mahmood H. Shaikh and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and state common law.

# II.
# JURISDICTION AND VENUE

5. Plaintiff Mahmood H. Shaikh, on behalf of himself and Members of the Class, brings this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7. This Court has supplemental jurisdiction over Texas state law. Any state law claims to be alleged are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

# III.
# PARTIES

9. Plaintiff, Mahmood H. Shaikh, is a resident of Harris County, Texas. Plaintiff was an employee of Defendants within the meaning of the FLSA during the three-year period preceding the filing of this complaint. Plaintiff was employed by the Defendants as an hourly worker / store clerk for work weeks of more than forty hours.

10. The 'Members of the Class' are all current and former non-exempt hourly workers who were employed by the Defendants during the three-year period preceding the filing of this complaint. Like Mr. Shaikh, these persons engaged in commerce or in the production of goods for commerce in performing their duties for Defendants.

11. Defendant **Foxx Video, Inc. d/b/a Foxx Video** is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

12. Defendant **Continental Beverages, Inc.** is a validly existing Texas corporation and a wholly owned subsidiary of Defendant Foxx Video, Inc. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

13. Defendant **Airport Enterprises, Inc.** is a validly existing Texas corporation and a wholly owned subsidiary of Defendant Foxx Video, Inc. This Defendant may be served by

serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

14. Defendant **N Y Traders, Inc.** is a validly existing Texas corporation and a wholly owned subsidiary of Defendant Foxx Video, Inc. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

15. Defendant **Video Lines, Inc.** is a validly existing Texas corporation and a wholly owned subsidiary of Defendant Foxx Video, Inc. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

16. Defendant **TE Video, Inc.** is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

17. Defendant **Dala Marketing, Inc.** is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

18. Defendant **More Realty, Inc.** is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

19. Defendant **South Kirkwood Realty, Inc.** is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

20. Defendant **Jones Road Plaza, LP** is a validly existing Texas limited partnership. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has

acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

21. Defendant **Jones Road Realty, Inc.** is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

22. Defendant **Pentix GP, Inc.** is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

23. Defendant **SK Auto's, Inc.** is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

24. Defendant **South Kirkwood Ventures, L.P.** is a validly existing Texas limited partnership. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an

enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

25. Defendant **South Kirkwood Ventures, Inc.** is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, Mr. Haroon Rasheed Shaikh, at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074. This Defendant is an enterprise engaged in commerce or the production of goods for commerce. Furthermore, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class.

26. Defendant, **Haroon Rasheed Shaikh, CPA**, is an individual who may be served with summons at his place of business at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074, or wherever else he may be found. Defendant Shaikh is an individual engaged in commerce or the production of goods for commerce. He has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class. This Defendant, among other things, owns and operates convenience stores, gas stations, and at least seven adult video stores.

27. Defendant, **Mehmood Rasheed**, is an individual who may be served with summons at his place of business at 9494 Southwest Freeway, Suite 520, Houston, Texas 77074, or wherever else he may be found. Defendant Rasheed is an individual engaged in commerce or the production of goods for commerce. He has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Shaikh and Members of the Class. This Defendant, among other things, owns and operates convenience stores, gas stations, and at least seven adult video stores.

28. Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of each Defendant or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## CLASS ALLEGATIONS

29. Plaintiff Mahmood H. Shaikh files this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

30. The class that Plaintiff seeks to represent may be described as follows:

**All current and former hourly workers who were employed by Defendants during the three-year period preceding the filing of this complaint, who were not paid their overtime wages.**

31. Plaintiff Mahmood H. Shaikh seeks to represent only those Members of the Class who, after appropriate notice of their ability to opt into this action, have given consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

32. Individuals who choose to opt-in will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

33. Plaintiff contends that this action is appropriate for collective action status because the named Defendants herein have acted in the same manner with regard to all Members of the Class.

# V.
# FACTS

34. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

35. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

36. Defendants employed Plaintiff Shaikh from January 23, 2006 to March 30, 2007, at an adult video store operating under the name 'Foxx Video', located in Houston, Texas.

37. Plaintiff was paid at the rate of $8.00 per hour.

38. During his employment, Plaintiff worked for Defendants as an hourly worker / store clerk, and his duties included assisting customers with sales at the adult video store.

39. As an hourly paid worker, Plaintiff has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it and Defendants' management demanded it.

40. During all or part of the past three years, while working for the Defendants as an hourly worker at the Foxx Video store, Plaintiff has been required to work overtime hours well in excess of 40 hours during each and every seven-day workweek.

41. During these hours worked, Plaintiff has performed the function of his job, which included the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management demanded it.

42. Each week during his period of employment, Plaintiff worked an average of 72 hours per week.

43. Defendants employ many other workers who are engaged in hourly labor.

44. During at least the past three years, all of the laborers at all business locations owned and/or operated by the Defendants were routinely required to work in excess of 40 hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management demanded it.

45. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they were not paid.

46. In an attempt to evade the overtime pay requirements of the FLSA, the Defendants, one of whom is a Texas certified public accountant, engaged in a rather novel yet naïve scheme. The employer would issue each employee two checks made by two separate Defendant corporations for the same workweek, and by splitting the hours among the two corporations' paychecks, would give the false appearance that the employee had worked 40 hours or less for each of the two corporations.

## VI.
## CLAIM FOR RELIEF
**(Unpaid overtime compensation under the FLSA)**

47. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

48. Plaintiff Mahmood H. Shaikh and all others similarly situated are considered non-exempt employees.

49. Plaintiff, and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

50. During Plaintiff's employment, he routinely worked more than 40 hours per week.

51. Defendants did not pay Plaintiff and all others similarly situated their entitled overtime pay for those hours they worked in excess of 40 per week.

52. Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

53. Defendants have not made a good faith effort to comply with the FLSA, and have thus violated the requirements of the federal statute.

54. In fact, each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

55. The Defendants purposefully and collectively engaged in an illegal practice and pattern of evading the overtime pay requirements of the FLSA. Therefore, all hourly employees of the Defendants that were paid with two paychecks during the same pay period have been subjected to a common violation of the FLSA.

56. Furthermore, Defendants have failed to maintain accurate, contemporaneous and complete employee records, including records indicating the number of hours worked per workweek, by Plaintiff and by all other similarly situated employees.

57. No exemption excused the Defendants from paying Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

58. Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern and practice of not paying overtime compensation earned by Plaintiff and by all others similarly situated.

59. Plaintiff and all others similarly situated seek an amount of back pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial, or until the last day of their employment, if earlier.

60. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

61. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

62. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

63. Other, similarly situated employees are being denied their lawful wages.

64. Accordingly, each Defendant's pattern and practice of failing to pay the employees' overtime pay (at time and one-half) as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Members of the Class.

65. Thus, Plaintiff's experience is typical of the experience of the Members of the Class.

66. The specific job titles or job requirements of the various Members of the Class do not prevent collective treatment. Instead, all hourly employees of the Defendants that were paid with two paychecks during the same pay period have been subjected to a common violation of the FLSA, and therefore are similarly situated.

67. Furthermore, all employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

68. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

69. All current and former hourly workers employed by Defendants' businesses, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as Members of the Class.

## VIII.
## ATTORNEY FEES

70. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

71. Plaintiff Mahmood H. Shaikh, and all others similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## IX.
## JURY DEMAND

72. Plaintiff Mahmood H. Shaikh, and all others similarly situated, make formal demand for a trial by jury.

# X.
# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff MAHMOOD H. SHAIKH and all others similarly situated respectfully request that upon final hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

b. Enjoin Defendants from failing to pay Plaintiff, and all others similarly situated, at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day work period.

c. Order Defendants to pay Plaintiff, and all others similarly situated, the difference between what they should have received for overtime worked during the relevant period and what they were actually paid, and an equal amount as liquidated damages.

d. Order Defendants to pay Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

e. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants.

f. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff MAHMOOD H. SHAIKH, and to all other similarly situated employees of Defendants.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Freeway, Suite 1920
Telephone: (713) 223-1300
Facsimile: (713) 255-0013

**ATTORNEY FOR PLAINTIFFS**