IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAHMOUD H. SHAIKH AND ALL OTHERS SIMILARLY SITUATED<br>Plaintiffs | § § § § § § | |
| V. | § | CIVIL ACTION NO. 4:09-cv-00890 |
| FOXX VIDEO, INC., INC. d/b/a FOXX VIDEO; CONTINENTAL BEVERAGES, INC.; AIRPORT ENTERPRISES, INC.; N Y TRADERS, INC.; VIDEO LINES, INC.; TE VIDEO, INC.; DALA MARKETING, INC.; MORE REALTY, INC; SOUTH KIRKWOOD REALTY, INC; JONES ROAD PLAZA, LP; JONES ROAD REALTY, INC.; PENTIX GP, INC; SK AUTOS, INC; SOUTH KIRKWOOD VENTURES, L.P.; SOUTH KIRKWOOD VENTURES, INC.; HAROON RASHEED SHAIKH, CPA; and MEHMOUD RASHEES<br>Defendants | § § § § § § § § § § § § § § § § | JURY DEMANDED |

## DEFENDANTS' FIRST AMENDED ANSWER

Defendants, Foxx Video, Inc., d/b/a Foxx Video, Continental Beverages, Inc. and Video Lines, Inc., Haroon Rasheed Shaikh, CPA and Mehmoud Rasheed, file this amended answer to plaintiff Mahmoud H. Shaikh's original complaint:

### Admissions & Denials

1. Defendants admit that Plaintiff has alleged a collective action for the recovery of overtime wages as set forth in paragraph 1 of Plaintiff's original complaint, but denies that a collective action should be granted.

2. Defendants admit that Plaintiff has requested the relief set forth in paragraph 2 of Plaintiff's original complaint, but denies liability as pled by plaintiff.

3. Defendants also request a trial by jury as to all issues relating to their defenses that may be tried to a jury.

4. Defendants admit the allegations set forth in paragraph 4 of Plaintiff's original complaint.

5. Defendant admits that Plaintiff has alleged a collective action for the recovery of overtime wages as set forth in paragraph 5 of Plaintiff's original complaint, but denies that such a collective action should be granted.

6. Defendants admit that this Court has jurisdiction over the claims asserted by Plaintiff in this matter.

7. Defendants admit that this Court can, in its discretion, exercise supplemental jurisdiction over related state law claims.

8. Defendants admit the allegations set forth in paragraph 8 of Plaintiff's original complaint.

9. Defendants admit the allegation set forth in paragraph 9 of Plaintiff's original complaint that Plaintiff was employed by Defendants Foxx Video, Inc., Continental Beverages, Inc. and Video Lines, Inc. . Defendants deny that Plaintiff regularly worked in excess of forty (40) hours for any one Defendant. In addition, defendants deny that any of the other Defendants employed Plaintiff.

10. Defendants deny the allegations set forth in paragraph 10 of Plaintiff's original complaint.

11. Defendants admit the allegations set forth in paragraph 11 of Plaintiff's original complaint, except as to the existence of Members of the Class.

12. Defendants admit the allegations set forth in paragraph 12 of Plaintiff's original complaint, except as to the existence of Members of the Class.

13. Defendants admit the existence of the company described in paragraph 13 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

14. Defendants admit the existence of the company described in paragraph 14 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

15. Defendants admit the allegations set forth in paragraph 15 of Plaintiff's original complaint, except as to the existence of Members of the Class.

16. Defendants admit the existence of the company described in paragraph 16 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

17. Defendants admit the existence of the company described in paragraph 17 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

18. Defendants admit the existence of the company described in paragraph 18 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

19. Defendants admit the existence of the company described in paragraph 19 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

20. Defendants admit the existence of the company described in paragraph 20of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

21. Defendants admit the existence of the company described in paragraph 21 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

22. Defendants admit the existence of the company described in paragraph 22 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

23. Defendants admit the existence of the company described in paragraph 23 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

24. Defendants admit the existence of the company described in paragraph 24 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

25. Defendants admit the existence of the company described in paragraph 25 of Plaintiff's original complaint, but deny the assertion that this Defendant ever employed Plaintiff.

26. Defendants admit the allegations set forth in paragraph 26 of Plaintiff's original complaint, except as to the existence of Members of the Class.

27.     Defendants admit the allegations set forth in paragraph 27 of Plaintiff's original complaint, except as to the existence of Members of the Class.

28.     Defendants deny the allegations set forth in paragraph 28 of Plaintiff's original complaint.

29.     Defendants admit that Plaintiff has alleged an "opt-in" collective action for the recovery of overtime wages as set forth in paragraph 29 of Plaintiff's original complaint. Defendants deny that a collective action should be allowed in this matter.

30.     Defendants deny that the described class should be certified as requested by Plaintiff in paragraph 30 of Plaintiff's original complaint.

31.     Defendants deny that the described class should be certified as requested by Plaintiff in paragraph 31 of Plaintiff's original complaint.

32.     Defendants do not have sufficient information to admit or deny paragraph 32 of Plaintiff's original complaint.

33.     Defendants deny that the described class should be certified as alleged by Plaintiff in paragraph 33 of Plaintiff's original complaint.

34.     Defendants admit the allegations set forth in paragraph 34 of Plaintiff's original complaint.

35.     Defendants deny the allegations set forth in paragraph 35 of Plaintiff's original complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of Plaintiff's original complaint.

37.     Defendants admit that Plaintiff was paid at a rate of $8.00 per hour for a portion of the time he worked for the three Defendants who employed him.

38.     The three Defendants who actually employed Plaintiff admit the allegations set forth in paragraph 38 of Plaintiff's original complaint.

39.     The three Defendants who actually employed Plaintiff admit the allegations set forth in paragraph 39 of Plaintiff's original complaint.

40. Defendants deny the allegations set forth in paragraph 40 of Plaintiff's original complaint.

41. Defendants deny the allegations set forth in paragraph 41 of Plaintiff's original complaint to the extent that Plaintiff claims to have worked overtime, but admits the nature of Plaintiff's work.

42. Defendants deny the allegations set forth in paragraph 42 of Plaintiff's original complaint.

43. Defendants deny that they employ "many" other workers as set forth in paragraph 43 of Plaintiff's original complaint.

44. Defendants deny the allegations set forth in paragraph 44 of Plaintiff's original complaint.

45. Defendants deny the allegations set forth in paragraph 45 of Plaintiff's original complaint.

46. Defendants deny the allegations set forth in paragraph 46 of Plaintiff's original complaint.

47. Defendants neither admit nor deny the Statement set forth in paragraph 47 of Plaintiff's original complaint.

48. Defendants admit that Plaintiff was not an exempt employee as claimed in paragraph 48 of Plaintiff's original complaint, but deny that there are others similarly situated.

49. Defendants deny the allegations set forth in paragraph 49 of Plaintiff's original complaint.

50. Defendants deny the allegations set forth in paragraph 50 of Plaintiff's original complaint.

51. Defendants deny the allegations set forth in paragraph 51 of Plaintiff's original complaint.

52. Defendants deny the allegations set forth in paragraph 48 of Plaintiff's original complaint.

53. Defendants deny the allegations set forth in paragraph 53 of Plaintiff's original complaint.

54. Defendants deny the allegations set forth in paragraph 54 of Plaintiff's original complaint.

55. Defendants deny the allegations set forth in paragraph 55 of Plaintiff's original complaint.

56. Defendants deny the allegations set forth in paragraph 56 of Plaintiff's original complaint.

57. Defendants deny the allegations set forth in paragraph 57 of Plaintiff's original complaint.

58. Defendants deny the allegations set forth in paragraph 58 of Plaintiff's original complaint.

59. Defendants deny the allegations set forth in paragraph 59 of Plaintiff's original complaint.

60. Defendants deny the allegations set forth in paragraph 60 of Plaintiff's original complaint.

61. Defendants neither admit not deny the statement made in paragraph 61 of Plaintiff's original complaint.

62. Defendants deny the allegations set forth in paragraph 62 of Plaintiff's original complaint.

63. Defendants deny the allegations set forth in paragraph 63 of Plaintiff's original complaint.

64. Defendants deny the allegations set forth in paragraph 64 of Plaintiff's original complaint.

65. Defendants deny the allegations set forth in paragraph 65 of Plaintiff's original complaint.

66. Defendants deny the allegations set forth in paragraph 67 of Plaintiff's original complaint.

67. Defendants deny the allegations set forth in paragraph 67 of Plaintiff's original complaint.

68. Defendants deny the allegations set forth in paragraph 68 of Plaintiff's original complaint.

69. Defendants deny the allegations set forth in paragraph 69 of Plaintiff's original complaint.

70. Defendants neither admit nor deny the statement made in paragraph 70 of Plaintiff's original complaint.

71. Defendants deny the allegations set forth in paragraph 71 of Plaintiff's original complaint.

72. Defendants also request a trial by jury as to all issues relating to their defenses that may be tried to a jury.

## **Affirmative Defenses**

61. The hours worked and claimed to have been worked by Plaintiff and any putative collective action members are not all "hours worked" under the Fair Labor Standards Act.

62. Defendants affirmatively plead that all of their actions with regard to Plaintiff and any putative collective action members were taken in good faith, non-willfully, and with reasonable grounds for believing that their conduct was lawful so as to preclude the imposition of liquidated damages, pursuant to 29 U.S.C. § 260.

63. Defendants affirmatively plead that all of their actions with regard to Plaintiff and any putative collective action members were taken in good faith, non-willfully, and with reasonable grounds for believing that their conduct was lawful, so as to limit, pursuant to 29 U.S.C. 255(a), the time period for which Plaintiff and any putative collective action member can seek compensation to two years, rather than the three years for which Plaintiff has pled.

64. Defendants affirmatively plead that the putative plaintiffs are not similarly situated, not subject to a common nucleus of liability facts, and allege claims that are not suitable for collective treatment.

65. Plaintiff's claims do not arise out of the same transaction, occurrence or series of occurrences as the putative collective action members.

66. Individualized questions of fact and/or proof of damages preclude Plaintiffs from representing the putative collective action members.

For these reasons, Defendants ask the court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess attorney's fess and costs against Plaintiff, and award Defendants all other relief the court deems appropriate

Respectfully Submitted,

_____
Josef F. Buenker
TBA No. 03316860
1201 Prince Street
Houston, Texas 77008
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY IN-CHARGE FOR DEFENDANTS, FOXX VIDEO, INC., CONTINENTAL BEVERAGES, INC., VIDEO LINES, INC., HAROON RASHEED SHAIKH, CPA and MEHMOUD RASHEED**

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2009, I electronically filed a copy of the foregoing Defendants' First Amended Answer and served it by electronic transmission on Plaintiff's counsel, Mr. Salar Ali Ahmed, 7322 Southwest Freeway, Suite 1920, Houston, Texas 77074, through the Court's CM/ECF system.

_____
Josef F. Buenker