UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Mahmood H. Shaikh, And All Others Similarly Situated Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-09-0890 |
| Foxx Video, Inc. d/b/a Foxx Video; Continental Beverages, Inc.; Airport Enterprises, Inc.; N Y Traders, Inc.; Video Lines, Inc.; TE Video Inc.; Dala Marketing, Inc.; More Realty, Inc.; South Kirkwood Realty, Inc.; Jones Road Plaza, LP; Jones Road Realty, Inc., Pentix GP, Inc.; SK Autos, Inc.; South Kirkwood Ventures, L.P.; South Kirkwood Ventures, Inc.; Haroon Rasheed Shaikh; and Mehrnood Rasheed Defendants. | § § § § § § § § § § § § § § | |

## MEMORANDUM AND RECOMMENDATION

This Fair Labor Standards Act ("FLSA") overtime case is before the court on the summary judgment motion of defendants N Y Traders, Inc.; Dala Marketing, Inc.; More Realty, Inc.; South Kirkwood Realty, Inc.; Jones Road Plaza, LP; Jones Road Realty, Inc.; Pentix GP, Inc.; SK Autos, Inc.; South Kirkwood Ventures, L.P.; and South Kirkwood Ventures, Inc. (Dkt. 11). Having considered the defendants' motion and plaintiff Mahmood H. Shaikh's response (Dkt. 15), the court recommends that summary judgment be denied.

### Background[1]

Shaikh worked for the defendants as a clerk at an adult video store.[2] Shaikh alleges that the defendants issued each current and former non-exempt hourly employee

---

[1] The following facts are taken as true for purposes of this Rule 56 motion only.

separate checks made out by separate corporations for the same work week in an attempt to evade the overtime pay requirements of the FLSA. By paying employees with these separate paychecks, the defendants gave the false appearance that each employee had worked fewer than forty hours a week.

Shaikh filed this FLSA collective action suit on March 26, 2009 seeking overtime pay on behalf of himself and similarly situated employees. On May 25, 2009, ten of the defendants moved for summary judgment on the grounds that they did not employ Shaikh.

## Standard of Review

The court may grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty, Inc.*, 477 U.S. 242, 248 (1986). Conversely, no genuine issue of material fact exists if the evidence is such that a reasonable jury could not find in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must view all the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in the nonmoving party's favor, and "refrain from making any credibility determinations or weighing the evidence." *Parm v. Schumate*, 513 F.3d 135, 142 (5th Cir. 2007); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

---

[2] While Shaikh alleges in his original complaint (Dkt. 1) that he was an "employee of defendants," the defendants allege in their motion for summary judgment that Shaikh was employed by only Fox Video, Inc. and Video Lines, Inc. (Dkt. 11).

## Analysis

In support of their motion for summary judgment, the defendants have attached an affidavit from codefendant Haroon Rasheed Shaikh ("Haroon"). Haroon swears that he is variously an officer or records custodian for each of the defendant companies and that none of them have ever employed Shaikh. According to Haroon, most of the defendants are engaged in the business of passive real estate investment and have never had any employees.[3] One, South Kirkwood Ventures, Inc., apparently does not even exist.[4] Haroon, who also claims to be an officer of non-movant defendant Foxx Video, swears that Shaikh was an employee only of non-movant defendants Foxx Video and Video Lines. Haroon claims that none of the defendants have any business relationship with the non-moving defendants; consequently, they cannot be part of a single "enterprise" as that term is defined in the FLSA. See 29 U.S.C. § 203(r) (2006) (defining "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose...").

Shaikh responds that summary judgment is premature because very limited discovery has been conducted. He points out that he filed this lawsuit on March 26, 2009 and the initial conference took place on June 10, 2009; therefore it is too early for a ruling on a motion for summary judgment. He states that he filed this suit against persons and entities he believes to have acted either directly or indirectly to violate his and similarly situated employees' rights under the FLSA. Shaikh requests more time to conduct discovery to find out who the appropriate defendants are and promises to dismiss all defendants who do not appear to be liable to him or similarly situated employees.

---

[3] Dkt. 11, Exhibit A.
[4] *Id.*

3

The court agrees with Shaikh that summary judgment is premature because very limited discovery has been conducted. Under Federal Rules of Civil Procedure 56(e)(2) if a party opposing a motion for summary judgment shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order. Though Shaikh has failed to technically comply with Rule 56(f) because he has not opposed the defendants' motion through an affidavit, that oversight is not fatal to his opposition.

The Fifth Circuit has held that a nonmoving party's failure to tailor its request for additional discovery to fit Rule 56(f)'s precise measurements does not necessarily foreclose the court's consideration of the request. Although the preferred procedure is to present an affidavit in support of the requested continuance, so long as the nonmoving party indicates to the court by "some equivalent statement, preferably in writing" of its need for additional discovery, the nonmoving party is deemed to have invoked the rule. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266-67 (5th Cir. 1991); 10B WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2740, at 402 (3d ed. 1998) (noting that a party can invoke Rule 56(f) despite the lack of an affidavit if the party has "been diligent" and "acted in good faith"). Shaikh, who filed his response promptly, has acted diligently and satisfied the "some equivalent statement" requirement.

Because not enough time has passed for discovery, the court recommends that defendants' motion be denied and Shaikh be given sixty days from the date of this Memorandum and Recommendation to conduct limited discovery to determine whom the appropriate defendants are. At the end of that time, if Shaikh has not yet dismissed these

defendants from this suit, they may re-move for summary judgment.

## Conclusion

For the reasons discussed above, the court recommends that the defendants' motion for summary judgment be denied.

The parties have ten days from the service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. See 28 U.S.C. § 636(b)(1)(c) (2006); FED. R. CIV. P. 72.

Singed at Houston, Texas on July 10, 2009.

Stephen Wm. Smith
United States Magistrate Judge